[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13895
Non-Argument Calendar

_____

D.C. Docket No. 1:88-cr-01007-AW-GRJ-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUFUS C. ROCHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 5, 2021)

Before NEWSOM, BRASHER and MARCUS, Circuit Judges.

PER CURIAM:

Rufus Rochell appeals the district court's denial of his motion to reduce his

sentence under § 404 of the First Step Act of 2018, Pub. L. 115 391, 132 Stat. 5194

("First Step Act"). He argues that the district court abused its discretion by denying his motion without adequate consideration of the 18 U.S.C. § 3553(a) factors, including his prison disciplinary record and rehabilitation efforts. After careful review, we affirm.

We review de novo whether a district court had the authority to modify a term of imprisonment. United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020). While district courts generally lack the inherent authority to modify a term of imprisonment unless, for example, a statute expressly permits them to do so, 18 U.S.C. § 3582(c)(1)(B), the First Step Act expressly allows them to reduce a previously imposed term of imprisonment in certain circumstances. Jones, 962 F.3d at 1297. We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for abuse of discretion. Id. at 1296. We may affirm the district court's judgment on any basis supported by the record. United States v. Gibbs, 917 F.3d 1289, 1293 n.1 (11th Cir. 2019).

In 2010, before the First Step Act, Congress enacted the Fair Sentencing Act, which amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"); see Dorsey v. United States, 567 U.S. 260, 268–69 (2012) (detailing the history that led to enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between

crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences).  Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams.  Fair Sentencing Act § 2(a)(1)–(2); see also 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act.  See First Step Act § 404.  Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010."  Id. § 404(a).  The statute makes clear that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  Id. § 404(c).

In Jones, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to § 404(b) were denied in the district courts. 962 F.3d at 1293.  We began by holding that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties

3

in § 841(b)(1)(A)(iii) or (B)(iii).  Id. at 1301.  We instructed that when the district court is assessing whether an offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii) and, therefore, was a "covered offense," the court must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment.  Id. at 1300–01.  We rejected the government's argument that, when conducting this inquiry, the district court should consider the actual quantity of crack cocaine involved in the movant's violation.  Id. at 1301.  However, we recognized that a judge's actual drug quantity finding remains relevant to the extent the judge's finding triggered a higher statutory penalty.  Id. at 1302.  Applying this inquiry to the four movants in Jones, we concluded that all four were sentenced for covered offenses because they were sentenced for offenses with penalties modified by the Fair Sentencing Act.  Id. at 1302–03.

Next, we explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence.  Id. at 1303.  Specifically, we held that when § 404(b) of the First Step Act provides that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed," it imposes two limitations on the district court's authority.  Id. (quoting First Step Act § 404(b); emphasis added).  One, the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the

Fair Sentencing Act. Id. Two, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. Id. Applying these limitations, we held that if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect -- that is, if his sentence was equal to the mandatory statutory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty -- then the Fair Sentencing Act would not have benefited him, and the First Step Act does not authorize the district court to reduce his sentence. Id. at 1303.

Using this framework, we affirmed the denials of two movants' motions in Jones, but vacated and remanded as to the others because the district courts had authority to reduce their sentences under the First Step Act, but it was unclear if the courts had recognized that authority. Id. at 1304–05. We held that it was error for a court to find a movant ineligible based on (1) a higher drug quantity finding made for sentencing -- not statutory -- purposes, (2) a movant's career-offender status, or (3) a movant's sentence being at the bottom of the guideline range. Id. at 1305. It was ambiguous whether two of the courts had denied the motions for these improper reasons, so we vacated and remanded the two cases for further consideration. Id.

5

Finally, we noted that, while a district court may have the authority to reduce a sentence under § 404 of the First Step Act, it is not required to do so. Id. at 1304. We held that a district court has wide latitude to decide whether and how to exercise its discretion, and that it may consider the 18 U.S.C. § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant conduct. Id. at 1301, 1304.[1]

Even where consideration of the § 3553(a) factors is mandatory, the district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of them. United States v. Kuhlman, 711 F.3d 1321, 1326 (11th Cir. 2013). Rather, the district court's acknowledgment that it considered the § 3553(a) factors and the parties' arguments is sufficient. United States v. Sarras, 575 F.3d 1191, 1219 (11th Cir. 2009). Moreover, the weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court. United States v. Croteau, 819 F.3d 1293, 1309 (11th Cir. 2016). Even so, a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

Here, the district court found that Rochell was convicted of covered offenses under the First Step Act -- violations of § 841(b)(1)(A) for conspiring to possess and for possessing with intent to distribute 50 grams or more of crack cocaine -- and assumed, without deciding, that Rochell was eligible for relief under the First Step Act. The court then recognized, as we held in Jones, 962 F.3d at 1304, that even if Rochell was eligible for relief, it was not required to reduce his sentence, and declined to exercise its discretion to grant Rochell a sentence reduction.

The district court did not abuse its discretion in denying Rochell relief. For starters, the district court was permitted under our case law to consider the § 3553(a) factors in determining whether a sentence reduction was warranted. See id. at 1301, 1304. Moreover, the district court did not abuse its discretion in considering the § 3553(a) factors in this case. As the record reflects, the court expressly said that it had considered all of the § 3553(a) factors, and mentioned several of them. Specifically, the court noted that "the volume of crack was extraordinary, exponentially greater than either the old or new threshold"; that Rochell had a "leadership role in the offense, making him more culpable"; and that "he had a significant criminal history before this case, and he committed an obstruction offense after it." It later reiterated that it was denying him relief "based on the seriousness

7

of the offense, the drug volume, the criminal history, and the fact that Rochell is currently serving a different sentence." That the court assigned more weight to these factors than to Rochell's rehabilitation efforts was a determination committed to the district court's discretion. See Croteau, 819 F.3d at 1309; see also Jones, 962 F.3d at 1301, 1304. As for Rochell's argument that the district court did not explicitly discuss the evidence of Rochell's good conduct and rehabilitation efforts, the district court was not required to discuss each factor especially where, as here, it said that it had considered all of them. Kuhlman, 711 F.3d at 1326. Accordingly, the district court did not abuse its discretion in exercising the wide latitude it had in declining to resentence Rochell, and we affirm. See Jones, 962 F.3d at 1304.

**AFFIRMED.**